BERANEK, Judge.
This appeal comes to us from a final judgment of dissolution ending a five-year marriage between the parties. This is the third marriage for the husband who is 82 years old, and the fourth marriage for the wife who is 68 years old. The trial court awarded the wife rehabilitative alimony in the nature of exclusive possession of the marital home during the remainder of her life or until she remarried. The court denied the husband any special equity in the home despite the fact that the entire down payment came from his funds totally unconnected to the marriage.
*389 We reverse. An award of rehabilitative alimony should be limited in amount and duration. Here, we have a lifetime award which we find unwarranted under the circumstances of this case. Some award of rehabilitative alimony may well be proper, and we leave this to the court’s discretion on remand.
In addition, the trial court erred in denying the husband a special equity in the wife’s share of the marital home. Since the husband furnished some but not all of the consideration for the marital home, he should be given an enhanced interest in the property. See Landay v. Landay, 429 So.2d 1197 (Fla.1983). In that case, the supreme court established the correct formula for determining such a percentage interest: in addition to the contributing spouse’s automatic one-half share, he or she acquires a special equity in the property equal to one-half the ratio which that spouse’s contribution bears to the entire consideration.
We remand this matter to the trial court for reconsideration of the entire alimony question and for a determination of the husband’s special equity according to Landay v. Landay, supra.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.